### Gustave Mueller, Defendant in Error, v. A. L. Wargny, Plaintiff in Error.

### Gen. No. 21,691.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed November 14, 1916.

### Statement of the Case.

Action by Gustave Mueller, plaintiff, against A. L. Wargny, defendant, in the Municipal Court of Chicago, to recover a balance of money loaned. To reverse a judgment for plaintiff for $375, defendant prosecutes this writ of error.

Defendant and his brother Paul, who were engaged in selling automobiles, arranged a transaction whereby they secured from the makers an automobile, for which cash had to be paid, which automobile they resold for part cash, part notes secured by mortgage of the automobile, and the balance by the delivery of an old car at an agreed valuation. To secure the cash to pay for the car, defendant or his brother procured plaintiff to advance $1,270. In previous transactions Paul had obtained money from plaintiff, giving him in exchange the purchaser's mortgage notes, and a share in the profits. In this case plaintiff advanced the money at Paul's request, but defendant and Paul differed as to which made the contract with plaintiff, who testified that he was to get back notes and mortgage to the amount of the loan, and a share in the profits, and knew nothing about the car taken in exchange until after the transaction was closed. He received $25 cash and notes to the amount of $870, leaving a balance of $375, which he understood was to be paid in notes, which was not done, nor did defendant sell the car taken in exchange.

FRANK L. CHILDS and BERYL HOWARD CHILDS, for plaintiff in error.

BAKER & HOLDER, for defendant in error; G. RAYMOND COLLINS, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

PARTNERSHIP, § 21*—*when evidence sufficient to show loan and not partnership transaction.* In an action to recover an alleged balance due for money loaned, where defendant claimed that plaintiff advanced the money in a partnership transaction by which an automobile was to be bought for cash and resold for part cash, part notes and the balance by the delivery of an old car, and where the evidence was conflicting, evidence *held* to sustain a finding that the transaction was a loan, by which plaintiff was to get back the amount of his advance in the shape of notes or cash, and a share in the profits.

---

## Robert S. Iles and Robert D. Martin, Appellees, v. Julius Heidenreich et al., on appeal of Ida M. Heidenreich, Appellant.

### Gen. No. 21,708.

1. JUDGMENT, § 419*—*when dismissal of action is not bar to subsequent suit.* On a creditor's bill alleging that defendant had transferred a master's certificate of sale at a foreclosure sale, the proceeds of which, after redemption, were alleged to be in the hands of the sheriff, a plea that the validity of the transfer attacked had been adjudicated by garnishment proceedings commenced by complainants at law to reach such funds is insufficient, and is properly overruled where it appears from the plea that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.